FILED

AUG 15 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

1  BENJAMIN B. WAGNER
   United States Attorney
2  HEATHER MARDEL JONES
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   (559) 497-4000 Telephone
5  (559) 497-4099 Facsimile

6  Attorneys for the United States

7

8            IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          ) 1:12-CV-01260-AWI-SMS
                                       )
12              Plaintiff,             ) ORDER REGARDING CLERK'S
                                       ) ISSUANCE OF WARRANT FOR
13       v.                            ) ARREST OF ARTICLES *IN*
                                       ) *REM*
14  APPROXIMATELY $158,000.00 IN U.S.  )
    CURRENCY,                          )
15                                     )
                Defendant.             )
16  _____  )

17       WHEREAS, a Verified Complaint for Forfeiture *In Rem* has been filed on August 2,

18  2012, in the United States District Court for the Eastern District of California, alleging that

19  the defendant approximately $158,000.00 in U.S. Currency (hereafter "defendant currency")

20  is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for one or more

21  violations of 21 U.S.C. §§ 841 *et seq.*, and pursuant to 18 U.S.C. § 981(a)(1)(A), 31 U.S.C. §§

22  5317 and 5332 for one or more violations of 31 U.S.C. §§ 5316 and/or 5332;

23       And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In*

24  *Rem* and the affidavit of Drug Enforcement Administration Special Agent Michael W.

25  Tighe, there is probable cause to believe that the defendant currency so described

26  constitutes property that is subject to forfeiture for such violation(s), and that grounds for

27  the issuance of a Warrant for Arrest of Articles *In Rem* exist, pursuant to Rule G(3)(b)(i) of

28  the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

                                       1                Order Regarding Clerk's Issuance of Warrant
                                                        for Arrest of Articles *In Rem*

1  IT IS HEREBY ORDERED that the Clerk for the United States District Court,
2  Eastern District of California, shall issue a Warrant for Arrest of Articles *In Rem* for the
3  defendant currency.

4  Dated: 8/15/12

*[signature]*
JENNIFER L. THURSTON
United States Magistrate Judge

### AFFIDAVIT OF MICHAEL W. TIGHE

I, Michael W. Tighe, being first duly sworn under oath, depose and say:

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been employed by the DEA since January, 2005. Since August, 2005, I have been assigned to the DEA's Fresno Resident Office in Fresno, California. As part of my training, I received sixteen weeks of training in the area of narcotics investigations at the DEA Justice Training Center at Quantico, Virginia. I have furthermore received specialized training in the investigation of basic telecommunications exploitation and internet telecommunications exploitation. I have worked as a case agent and assisted other agents and officers in their investigations on cases involving violations of Title 21, United States Code, Section 841(a)(1), the manufacture of, distribution of and possession with intent to distribute controlled substances; and Title 21, United States Code, Section 846, conspiracy to commit the foregoing. Specifically, those investigations have focused on the manufacture and distribution of marijuana, methamphetamine, heroin and cocaine. I am familiar with, and have participated in, all of the conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, questioning of witnesses, search warrants, confidential informants, pen registers, trap and trace, and the use of undercover agents. I have provided testimony before the Federal Grand Jury and the United States District Court in the Eastern District of California. Through my training and experience, I have become acquainted with the identification of various controlled substances. I have also become acquainted with the various methods used by individuals to possess, transport, and sell controlled substances in violation of federal law. The facts set forth in this affidavit are known to me as a result of my participation in this investigation and speaking with other law enforcement officials.

2. This affidavit is made in support of a warrant for arrest of defendant approximately $158,000.00 in U.S. Currency ("the defendant currency"). The defendant

1  currency constitutes a thing of value furnished or intended to be furnished in exchange for a
2  controlled substance or listed chemical, and is proceeds traceable to such an exchange, and
3  was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et*
4  *seq*. Additionally, pursuant to 18 U.S.C. § 981(a)(1)(A), 31 U.S.C. §§ 5317 and 5332, that
5  the defendant currency constitutes proceeds traceable to a violation of 31 U.S.C. § 5316, and
6  constitutes a thing of value furnished, or intended to be furnished, or used, or intended to
7  be used, or involved in, or intended to be involved in, a violation of 31 U.S.C. §§ 5316 and/or
8  5332.

9      3.    The facts set forth in this affidavit are known to me as a result of reviewing
10 official reports, documents, and other evidence obtained as a result of the investigation, and
11 through conversations with other agents and detectives who have participated in this
12 investigation and I have determined the following:

13     4.    On February 22, 2012, Fresno County Sheriff's Office detectives initiated a
14 traffic stop on a yellow Toyota FJ Cruiser bearing license plate number 6GTK570 for a
15 violation of California Vehicle Code § 26708.5 – Tinted Windows. Detectives made contact
16 with the driver and sole occupant, Lyndon Ahn (hereafter "Ahn").

17     5.    Ahn was asked for his driver's license, vehicle registration, and proof of
18 insurance. While Ahn was collecting this information, a detective observed two cell phones
19 lying on the front passenger seat and another cell phone in the cup holder of the center
20 console. The detective asked Ahn if the vehicle belonged to him to which Ahn answered
21 that it was not his, and that it belonged to James Choe[1]. As Ahn handed the detective his
22 information, the detective observed Ahn's right hand trembling. When asked to where he
23 was traveling, Ahn stated that he was going to Los Angeles, California; that he had been up
24 in Sacramento visiting a friend who had recently moved into a new place. Ahn stated that
25 he spent one day in Sacramento and was on his way home. The detective asked Ahn to wait
26 in the vehicle while he checked the documentation and completed a citation warning.

27

28 [1] The vehicle registration indicated James Choe as the registered owner of the vehicle with an address of 1780 Pinnacle Way, Upland, California.

6.  The detective walked back to his patrol unit and advised the second detective that he was suspicious of Ahn's explanation. The detective explained to the second detective that he was going to go back and ask for a consent search of the vehicle based on the short turnaround trip, the three cell phones observed inside the vehicle, and Ahn's unusually nervous behavior. The detective walked back to Ahn's vehicle and asked Ahn if there were weapons, narcotics, or large sums of money inside the vehicle to which Ahn answered that there were not. The detective was provided consent by Ahn to search the vehicle. Ahn exited the vehicle and was accompanied by the second detective to the patrol vehicle while the search was conducted.

7.  While the second detective was writing the citation for Ahn, the detective searching the vehicle removed an orange and blue backpack from inside the vehicle. The backpack contained two vacuum sealed packages. The detective removed one of the packages from the backpack and asked Ahn what was in the package. Ahn stated, "I think it's money." The detective placed the package back inside the backpack. The detective also removed a small cardboard box and a black duffle bag from the vehicle and laid them on the ground next to the vehicle along with the orange and blue backpack. At this time, the second detective called for the assistance of a narcotic detecting canine.

8.  An additional detective and his narcotic detecting canine "Tag" arrived on location to conduct an exterior and interior search of the vehicle, including the items placed on the ground. Tag is both California Narcotic Canine Association (C.N.C.A.) certified, and P.O.S.T. certified, as a narcotic detection canine. Tag is trained to detect the odor of controlled substances, namely marijuana, cocaine, methamphetamine, heroin, and opium. Tag gave a positive alert to the odor of narcotics to the interior cargo area of the vehicle, to the cardboard box, and to the orange and blue backpack. The two packages were then opened. Each package was wrapped in foil and then placed into vacuum sealed clear plastic bags. Each package was revealed to contain two large bundles of currency. The currency was subsequently counted and amounted to $158,000.00, which was composed of the following denominations: 900 x $20 and 1,400 x $100.

9. When asked if the money located in the packages belonged to him, Ahn said no and that the money belongs to "a friend of his uncle," a person who goes by the name Young Kim. Ahn stated that he met up with Young Kim (hereafter "Kim") at a local coffee shop in Sacramento where Kim asked Ahn to deliver and deposit the money into a bank in Los Angeles. The detective asked what bank in Los Angeles was Ahn going to deposit the currency, and Ahn replied that he did not know yet. Ahn stated that Kim told Ahn to choose the bank of his choice. Ahn was asked why he did not just deposit the money in a bank in Sacramento. Ahn stated the he resides in Los Angeles and this was how he does business. When asked what he did for a living, Ahn stated that he is a real estate broker in Los Angeles. Ahn stated that Kim told him that money would later be used to make a down payment on some real estate in Los Angeles. When asked if he knew how Kim came to possess the money, Ahn stated that Kim brought the money here to the United States from Korea. Ahn stated that Kim is here on vacation and is visiting Ahn's uncle in Sacramento. When asked what Kim did for a living, Ahn stated that he is a business man in Korea and that money is from a business that was sold in Korea. When asked he could explain how Kim brought the money to the United States, Ahn stated that Kim told Ahn that he brought the money in his suitcase. Kim told Ahn that the money was tucked in between his clothes in his suitcase. Ahn stated that the money was given to him in the packaging in which the money was found by detectives. Ahn was asked if he knew how much money was in the packages and Ahn said "about $150,000.00." Ahn further added that it had to be at least $150,000.00 "because that is the minimum you would need to put for a down payment to purchase a house."

10. Based on the short turnaround trip, the three cell phones observed inside the vehicle, Ahn's unusually nervous behavior, Ahn's questionable story, the manner in which the currency was concealed, the manner in which the currency was packaged, and the positive alert on the defendant currency made by "Tag", Ahn was told that the detectives would be seizing the money located in the two packages. Ahn disagreed and asked how was he to explain to Kim that the money was seized. Ahn was told that he would be provided

Affidavit of Michael W. Tighe

with documentation regarding the seizure. The Disclaimer of Currency and Asset Forfeiture Proceedings forms were explained to Ahn. Ahn agreed and signed the Forfeiture Proceedings form but, despite claiming the money was not his, refused to sign the Disclaimer of Currency form. Ahn was given a copy of the forms including a blank Claim Opposing Forfeiture form.

11. On March 15, 2012, an agent with the Drug Enforcement Administration (DEA) contacted Ahn at phone number (323) 422-7957. The agent informed Ahn that the seizure had been adopted for federal forfeiture by the DEA and asked Ahn at which address he wanted notice to be sent. Ahn requested that notice be sent to 515 S. Hobart Boulevard, Apartment 11, Los Angeles, California 90020. The agent asked Ahn for additional identifying information for Kim. Ahn was evasive in answering, and instructed the agent to send Kim's notice Ahn's address as well. The agent asked Ahn if there was anyone else who had interest in the money who needed to receive notice. Ahn responded that the money belonged to a "conglomerate" and that he would make contact with the individuals with interest in the money and contact the agent later that day. The agent did not receive a return call from Ahn that day.

12. On May 4, 2012, James Choe and Steve Yun Lee each filed a claim to the defendant currency. Steven Yun Lee alleges that he is the owner of 85% of the defendant currency and James Choe alleges that he is the owner of 15% of the defendant currency.

13. Based on the evidence presented in this affidavit, it is my opinion that the currency described in this Affidavit are proceeds from criminal offenses or used to facilitate such criminal offenses, as described with more particularity above.

14. Based on the above, I believe there is probable cause to indicate that the defendant currency constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and is proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*. Additionally, pursuant to 18 U.S.C. § 981(a)(1)(A), 31 U.S.C. §§ 5317 and 5332, that the defendant currency constitutes proceeds traceable to a violation of 31

U.S.C. § 5316, and constitutes a thing of value furnished, or intended to be furnished, or used, or intended to be used, or involved in, or intended to be involved in, a violation of 31 U.S.C. §§ 5316 and/or 5332, and that a Warrant for Arrest of Articles *In Rem,* pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(3)(b)(i), be issued for the defendant currency.

MICHAEL W. TIGHE
Special Agent
Drug Enforcement Administration

Sworn to and Subscribed before me this 15th day of August 2012.

Honorable Jennifer L. Thurston
United States Magistrate Judge

Reviewed and approved as to form.

Heather Mardel Jones
Assistant U.S. Attorney

Affidavit of Michael W. Tighe

6